**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 27, 2026
Decided July 16, 2026

**Before**

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 25-2735

F.F.,
*Plaintiff-Appellant*,

*v*.

VALLEY VIEW COMMUNITY UNIT SCHOOL DISTRICT 365U, *et al*.,
*Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 1:25-cv-09112

Sharon Johnson Coleman,
*Judge*.

**O R D E R**

In November 2024, F.F. was a junior at Bolingbrook High School. She entered and used the girls' bathroom. Upon exiting her stall, she saw a student who she said was dressed in male-typical clothing without any visible indication of female identity standing near her stall. She worried that the student could have seen her undergarments or exposed body through the gaps in the stall door, though she did not argue that the individual saw or tried to see her inside the stall. The incident caused her feelings of anxiety, discomfort, and shame.

F.F. informed her father about the incident, and he reported it to the school's principal. The principal informed F.F.'s father that the student had access to the girls' bathrooms pursuant to a formal plan under the Illinois Department of Human Rights (IDHR) policy relating to the student's gender-identity accommodation. The IDHR policy required that schools permit students to use the bathrooms aligned with their gender identity and explicitly stated that discomfort or privacy concerns were not reasons to deny a student access to those bathrooms. But if another student raised a privacy concern, the policy provided that the school should accommodate "by providing that individual a more private option upon their request, if possible."

The school offered F.F. access to the staff's single-use bathrooms and installed blinders on the stalls to protect privacy. F.F. says that this was not enough. A librarian denied F.F. use of the staff bathroom, and F.F. used only bathrooms far from where the initial incident occurred, which purportedly caused F.F. to lose classroom time, heightened her unease, and disrupted her routine. F.F.'s father filed a complaint with the school district's Title IX coordinator that claimed that the incident showed F.F. was discriminated against and harassed based on her sex. The coordinator rejected the complaint.

In August 2025, F.F. filed a class-action lawsuit seeking declaratory relief, injunctive relief, and nominal damages against Valley View Community Unit School District 365U and certain school district officials. She also moved for a temporary restraining order (TRO) and a preliminary injunction to prevent defendants from enforcing their policy that allowed students to access bathrooms in accordance with their self-declared gender identities. She argued the policy violates the Equal Protection Clause of the Fourteenth Amendment by discriminating based on sex and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, by creating a hostile educational environment and compromising female students' privacy and safety. The district court denied her motions for a TRO and preliminary injunction and has not certified the class. She appeals only the denial of the preliminary injunction.

We begin and end with mootness. Mootness doctrine considers whether a change in factual or procedural circumstances has "deprived the plaintiff of a personal stake in the outcome of the lawsuit." *Moore v. Harper*, 600 U.S. 1, 14 (2023). F.F. no longer has a personal stake in the outcome of this appeal: while it was pending, the district court granted the defendants' motion to dismiss. This final order moots F.F.'s appeal of the denial of the preliminary injunction because "the interim phase of the case is over and so there is nothing to do or say about" it. *Auto Driveaway Franchise Sys., LLC v. Auto*

*Driveaway Richmond, LLC*, 928 F.3d 670, 674–75 (7th Cir. 2019) (explaining how procedural developments can moot an appeal from the denial of a preliminary injunction).

One final matter deserves our attention. During this litigation, F.F. turned 18 years old. Adults presumptively cannot proceed under pseudonym. *Doe v. Village of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016); Fed. R. Civ. P. 17(a)(1). And the district court has now denied F.F.'s motion to proceed anonymously. But that denial is appealable as a collateral order. See *Village of Deerfield*, 819 F.3d at 376. Therefore, though we express doubt that F.F. may continue to proceed under pseudonym, Fed. R. Civ. P. 10(a), in the interest of efficiency, we refer to her by her initials.

DISMISSED